IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAMES BRADY,<br><br>Defendant and Debtor.<br><br>WINDSTREAM SERVICES II, LLC,<br>(and its Successors and Assignees),<br><br>Garnishee. | CASE NO.  1:21-mc-00133-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(Doc. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final order of continuing garnishment ("Application") against the non-exempt disposable earnings of defendant and debtor, Michael James Brady ("Defendant"), from his employer, Windstream Services II, LLC ("Garnishee").  (Doc. 9.)   The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.     BACKGROUND**

On September 10, 2001, pursuant to a plea agreement with the United States, Defendant entered a plea of guilty to counts 1-6 for violations of 18 U.S.C. §§ 1341 and 2 – Mail Fraud and Aiding and Abetting.  (*United States v. Brady,* Case No. 1:00-cr-05345-AWI, Docs. 7, 8.)  On December 3, 2001, the Court sentenced Defendant to 33 months in custody, 36 months supervised release and ordered Defendant to pay a statutory assessment of $600.00 and $165,732.66 in restitution.  (*Id.* at Docs. 12, 13.)

In an attempt to collect the restitution and special assessment owed, the United States filed an application for a writ of continuing garnishment against twenty-five percent (25%) of Defendant's non-

exempt disposable earnings held by Garnishee. (Doc. 1.) According to the application, Defendant owes $141,372.92, and the total amount sought by the garnishment action is $155,510.21. (*Id.*)

The Clerk of Court issued the writ of continuing garnishment on December 22, 2021, which was entered on the Court's docket on December 27, 2021. (Doc. 4.) On December 22, 2021, the United States subsequently served the Garnishee and Debtor with copies of the writ and related documents. (Docs. 2, 3.) The documents served on Defendant advised him, among other things, of his right to claim exemptions to garnishment and request a hearing on his claim and/or object to the Garnishee's answer (the "Answer") and request a hearing thereon. (Doc. 3.)

The Garnishee filed its acknowledgement of service and Answer on January 11, 2022, indicating that Defendant is an employee and/or independent contractor of Garnishee and identifying the applicable pay period and amount of disposable earnings. (Doc. 8.) The Garnishee served the answer on Defendant on January 7, 2022. (*Id.*) The United States now seeks a final order of garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, against Defendant's wages from the Garnishee. (Doc. 9.)

## II. DISCUSSION

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays*, 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The principal restriction imposed by the Consumer Credit Protection Act is that garnishment of an individual's disposable earnings is limited to

twenty-five percent of the debtor's weekly earnings.  15 U.S.C. § 1673(a)(1).  Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt."  28 U.S.C. § 3011(a).

The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b).  The judgment debtor then has twenty days after receipt of the notice to request a hearing.  28 U.S.C. § 3202(b).  After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property.  28 U.S.C. § 3205(c)(7).

Here, Defendant's nonexempt disposable earnings are subject to garnishment under the FDCPA.  *See* 28 U.S.C. § 3205(a).  The United States provided Defendant with notice of the garnishment proceedings on December 22, 2021.  (Doc. 3.)  The documents served on Defendant advised him of his rights to claim exemptions and request a hearing on his claims, request a hearing to oppose the writ, and object to the Answer and request a hearing.  (*Id.*)  Defendant was further advised of the applicable deadlines for exercising these rights under the FDCPA.  (*Id.*)  Neither Defendant nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired.  Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will recommend that an order issue directing the Garnishee as to the disposition of Defendant's nonexempt disposable wages.

The United States also seeks to recover the ten percent (10%) litigation surcharge of the judgment amount balance as authorized by 28 U.S.C. § 3011(a). (Docs. 1, 9.) The FDCPA provides that the United States in entitled to recover a litigation surcharge in connection with the recovery of a debt. 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. 28 U.S.C. § 3011(a); *United States v. Sackett*, 114 F.3d 1050, 1053 (10th Cir. 1997). The government's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205. Subject to

exclusions not relevant here, section 3011 provides that the recoverable surcharge amount is 10% of the debt sought to be collected. 28 U.S.C. § 3011(a).

The United States is entitled to a surcharge on the amount of the debt sought to be collected. As of December 22, 2021, Defendant owes restitution in the amount of $141,372.92, and United States seeks a surcharge in the amount of $14,137.29, representing 10% of the restitution amount owed. (Docs. 1, 9.) The Court will therefore recommend that the requested surcharge be awarded.

### III.    ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

It is HEREBY ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee and file proof of such service within seven (7) days of entry of these findings and recommendations.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED;

2. Garnishee Windstream Services II, LLC be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Michael James Brady's ongoing and non-exempt disposable wages, earnings, commissions, and bonuses;

3. Garnishee Windstream Services II, LLC be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable wages, earnings, commissions, and bonuses already withheld as a result of the writ, within fifteen (15) days of the filing of an order adopting these Findings and Recommendations;

4. Garnishee Windstream Services II, LLC be directed to make payment in the form of a cashier's check, money order or company draft, made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814. The criminal docket number (1:00-cr-05345-AWI) shall be stated on the payment instrument;

5. The United States be entitled to recover a $14,137.29 litigation surcharge after

|   |   |   |
|---|---|---|
|   |   | satisfaction of the judgment in the criminal case, and Garnishee Windstream Services II, LLC be directed to garnish $14,137.29 of Michael James Brady's wages, representing the litigation surcharge, once the judgment balance of $141,372.92 is satisfied; |
|   | 6 | Garnishee Windstream Services II, LLC be directed to pay the litigation surcharge to the United States Department of Justice via a single payment within twenty (20) days of the garnished wages accumulating to the $14,137.29 surcharge amount by delivering a cashier's check, money order, or company draft in the sum of $14,137.29 made payable to the "United States Department of Justice" and delivered to the U.S. Bank Government Lockbox, Attn: DOJ Production Manager/Box 790363, 1005 Convention Plaza, SL-MO-C2G1, St. Louis, MO 63101. The check, money order, or company draft shall state "CDCS Number 2002A55594" on the face of the payment instrument; |
|   | 7 | The Court retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and |
|   | 8 | The garnishment terminate when (1) the United States seeks to terminate the writ; or (2) when the judgment and litigation surcharge are fully satisfied. |

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 9, 2022**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE