UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff and Judgment Creditor,<br><br>    v.<br><br>MICHAEL JAMES BRADY,<br><br>    Defendant and Judgment Debtor.<br><br>WINDSTREAM SERVICES II, LLC, (and its Successors and Assignees)<br><br>    Garnishee. | No. 1:21-mc-00133-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING REQUEST FOR FINAL ORDER OF GARNISHMENT<br><br>(Doc. Nos. 9, 11) |

    This matter is before the court on plaintiff United States' application for a final order continuing wage garnishment. (Doc. No. 9.) On December 22, 2021, the United States filed an application for a writ of continuing garnishment of the wages of defendant through the Garnishee Windstream Services II, LLC and filed a request to receive the statutorily authorized litigation surcharge. (Doc. Nos. 4, 5.) On February 3, 2022, the United States filed a request for findings and recommendations with regard to a final order of garnishment. (Doc. No. 9.) The matter was

/////

1

referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2022, the assigned magistrate judge issued findings and recommendations, recommending that the Unites States' request for final order of garnishment be granted. (Doc. No. 11.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.*) To date, no objections to the findings and recommendations have been filed with the court, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on February 10, 2022 (Doc. No. 11) are adopted in full;
2. The United States' request for a final order of continuing garnishment (Doc. No. 9) is granted;
3. Garnishee Windstream Services II, LLC is directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Michael James Brady's ongoing and non-exempt disposable earnings, wages, commissions, and bonuses;
4. Garnishee Windstream Services II, LLC is directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings, wages, commissions, and bonuses already withheld as a result of the writ, within fifteen (15) days of the filing of this order;
5. Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814. The criminal docket number (1:00-cr-05345-AWI) shall be stated on the payment instrument;

6. The United States is entitled to recover a $14,137.29 surcharge after satisfaction of the judgment in the criminal case, and Garnishee Windstream Services II, LLC is directed to garnish $14,137.29 of Michael James Brady's wages, representing the litigation surcharge, once the judgment balance of $141,372.92 is satisfied;

7. Garnishee Windstream Services II, LLC is directed to pay the litigation surcharge to the United States Department of Justice via a single payment within twenty (20) days of the garnished wages accumulating to the $14,137.29 surcharge amount by delivering a cashier's check, money order, or company draft in the sum of $14,137.29 made payable to the "United States Department of Justice" and delivered to the U.S. Bank Government Lockbox, Attn: DOJ Production Manager/Box 790363, 1005 Convention Plaza, SL-MO-C2G1, St. Louis, MO 63101.  The check, money order, or company draft shall state "CDCS Number 2002A55594" on the face of the payment instrument;

8. The court retains jurisdiction to resolve matters through ancillary proceedings in this case, if necessary; and

9. This garnishment shall terminate when either:  the United States seeks to terminate the writ or when the judgment is fully satisfied.

IT IS SO ORDERED.

Dated:   **March 6, 2022**              /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE

3